# Court of Appeals
# of the State of Georgia

ATLANTA, July 31, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0635. AMANDA BRANCH v. RAM PARTNERS, LLC A/A/F SUTTER LAKE.

Ram Partners, LLC a/a/f Sutter Lake brought this dispossessory action against Amanda Branch in magistrate court.[1] After judgment was entered against her, Branch filed an application for discretionary review in this Court. We dismissed the application because Branch failed to submit a file-stamped copy of the magistrate court order to evidence the timeliness of her application. See Case No. A26D0593 (July 2, 2026). On July 6, Branch filed this second application for discretionary review, this time attaching a file-stamped copy of the writ of possession showing that the magistrate court entered the writ on June 25, 2026.

As we explained in our order dismissing Branch's first application, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023); OCGA § 5-3-4(a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). This Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., OCGA § 15-10-41(b)(1); *Westwind Corp. v. Washington Fed. Savings & Loan Ass'n*, 195 Ga. App. 411, 411(1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga.

---

[1] We note that Branch's name is inconsistent in the record. The trial court's order identifies her as "Amamda Branch," and she lists her first name as both "Amber" and "Amanda" in her application for discretionary review.

App. 450, 451(3) (391 SE2d 1) (1990). But under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. Accord Court of Appeals Rule 11(b). Consequently, this Court generally transfers applications seeking review of magistrate court orders back to the magistrate court with direction to send the case to state or superior court.

Here, however, Branch's second application is untimely because she filed it more than seven days after the entry of the magistrate court's judgment. See OCGA § 44-7-56(b)(1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516–17 (915 SE2d 91) (2025); *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335–36 (715 SE2d 752) (2011). The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Accordingly, the application is hereby DISMISSED. See *Harris v. Res. at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  07/31/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*